**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jodell Gacy, ) | No. 04-CV-1934-PHX-FJM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Gammage & Burnham et al., ) | |
| Defendants. ) | |

The court has before it Plaintiff's Motion for Class Certification (doc. 18) and Defendants' Notice to the Court that Plaintiff's Motion for Class Certification is Unopposed (doc. 41).

**I.**

Plaintiff alleges that defendants, in attempting to collect debts incurred for medical services, have violated the Fair Debt Collection Practices Act ("FDCPA") by implementing a policy or practice of falsely representing the character, amount, or legal status of debts; threatening to take action that cannot legally be taken or that is not intended to be taken; using false representation or deceptive means to collect a debt; collecting an amount that is not expressly authorized by the agreement creating the debt or permitted by law; failing to state the correct amount of the alleged debt; and contradicting and overshadowing the validation notice. Memorandum in Support of Class Certification at 2. These allegations arose out of letters that plaintiff received from defendants regarding plaintiff's debts for medical services, and which are attached to the class action complaint as exhibits A and B.

## II.

The requirements of Rule 23(a) and (b), Fed. R. Civ. P., must be met to certify the class. Rule 23(a) requires that the class be so numerous that joinder of all members is impracticable; that there are questions of law or fact common to the class; that the claims or defenses of the representative parties are typical of the claims or defenses of the class; and that the representative parties will fairly and adequately protect the interests of the class.

Plaintiff alleges that defendants violated the FDCPA by mailing over two thousand letters. Memorandum in Support of Class Certification at 3. The FDCPA claims are common to all prospective class members because the letters are alleged to be identical in all relevant ways, and the allegations arise out of the form of the letters, not the underlying debts. Id. at 3-5. Gacy received the letters and has accepted the responsibilities of being the class representative. Id. at 3; Declaration of Jodell Gacy at 2. Accordingly, plaintiff has satisfied the requirements of Rule 23(a).

To satisfy Rule 23(b), a party must comply with one of its three subparts. Plaintiff argues that it complies with two: 23(b)(2) and 23(b)(3). Rule 23(b)(2) requires that "the party opposing the class has acted . . . on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Rule 23(b)(3) requires that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

Plaintiff seeks monetary and declaratory relief. Class Action Complaint at 6. The analysis with regard to requests for both forms of relief overwhelmingly hinges on whether the letters at issue violate the FDCPA. Memorandum in Support of Class Certification at 8-9, 11-12. A class action is a good way to adjudicate this controversy as there are numerous parties whose harm may be small individually, but may be substantial collectively, and which may be efficiently resolved collectively. Memorandum in Support of Class Certification at 10. Moreover, there is no evidence of any factors that would militate against class

1  certification.  See Fed. R. Civ. P. 23(b)(3).  Plaintiff has satisfied the requirements of Rule
2  23(b)(2) and (3).  Therefore, we grant plaintiff's motion for class certification (doc. 18).

### III.

The class is defined as all persons to whom letters in the form of Exhibit A or B to the complaint were sent by defendants in an attempt to collect a debt incurred for medical services, and which were not returned undelivered by the U.S. Post Office during the one year prior to the date of filing this action.

The class claims are those claims listed in Count I of the complaint.

Jodell Gacy is appointed class representative.

Richard A. Dillenburg and O. Randolph Bragg are appointed class counsel. Together, they have demonstrated they have substantial experience in handling consumer claims, both for individuals and classes.  Declaration of Richard A. Dillenburg; Declaration of O. Randolph Bragg.  Counsel must fairly, adequately and efficiently represent the entire class.

Plaintiff is required to give notice by first-class mail to all prospective class members that can be identified through reasonable effort.  Plaintiff is required to bear the costs of the notice.  Defendants shall provide plaintiff with the names and addresses of the prospective class members. Notice shall comply with the requirements of Rule 23(c)(2)(B), Fed. R. Civ. P.  Plaintiff shall confer with defendants concerning the wording of the notice, and parties shall jointly submit the notice to the court for approval prior to mailing.

The parties are reminded that the deadlines set forth in the Rule 16 Scheduling Order remain valid and shall be strictly enforced.  To ensure that there are no delays, the parties are required to comply with the following deadlines.  Defendants shall provide plaintiff with a list of names and addresses of the prospective class members no later than January 20, 2006. The  parties shall jointly submit the notice to the court for approval no later than January 20, 2006. Notice shall be mailed to prospective class members by first-class mail no later than February 17, 2006.  Prospective class members shall be alerted in the notice that they have until March 31, 2006 to opt out of the class action monetary claims.

1  Pursuant to Rule 23(g)(2)(C), Fed. R. Civ. P., counsel for plaintiff shall submit ex
2  parte and under seal a proposed budget for fees in the case, with projected time and expenses,
3  hourly rates and a comparison of the projected fees to actual damages, no later than February
4  17, 2006.

5  In light of these deadlines, the parties may wish to stipulate to an expedited briefing
6  schedule on defendants' motion for summary judgment.

7  **The parties are warned that failure to comply with these deadlines, or failure to**
8  **comply with the Rule 16 Scheduling Order deadlines, may lead to decertification**
9  **pursuant to Rule 23(c)(1)(C), Fed. R. Civ. P.**

**IV.**

**IT IS ORDERED GRANTING** Plaintiff's Motion for Class Certification (doc. 18).

DATED this 15th day of December, 2005.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge